## THE FRANCE.[1]

## McDOWELL v. THE FRANCE.

(District Court, S. D. New York. January 16, 1893.)

SHIPPING—NEGLIGENCE—PERSONAL INJURY—INSUFFICIENT FITTINGS.

Libelant, while shoveling ashes beneath the hatch in the hold of a vessel, was injured by the fall of an ash bag; such fall being due to its weak handle, by which it was hooked to the fall. Libelant had no duty or responsi-

[1] Reported by E. G. Benedict, Esq., of the New York bar.

bility as to the selection, oversight, or charge of the bags used. The court, on the evidence, found that under the circumstances libelant could not be held to be negligent in working beneath the hatch, and that the notices to stand from under, which it was alleged were given libelant, had no reference to the hoisting of the bags, with a view to the possibility of their falling, but were the customary notices given when the empty bags and chains came down. *Held*, that the ship must supply sound bags for such a purpose, and was responsible to the libelant for his damages caused by the insufficiency of this bag; such damages, for a broken thigh, being fixed at $2,000.

In Admiralty. Libel by William McDowell against the steamship France to recover damages for personal injuries caused by the falling of an ash bag down the hatch while he was engaged in shoveling cinders into another bag at the bottom of the hatch. Decree for libelant.

Hyland & Zabriskie, for libelant.
John Chetwood, for claimants.

BROWN, District Judge. The evidence does not show anything out of the usual course that should cause the handle of the ash bag to break while it was hoisting up; its weak and insufficient condition must be inferred from the fact that it broke under such circumstances. I cannot regard the general testimony that the bag was sound and sufficient as overcoming that fact.

The cases cited for the claimants seem to me not applicable here. The libelant had no duty or responsibility in the selection, oversight, or charge of the bags used; and the present case is therein distinguished from the whole class of cases to which that of Cregan v. Marston, 126 N. Y. 568, 27 N. E. Rep. 952, belongs.

Nor can I find the libelant chargeable with contributory negligence in working beneath the hatch. The falling bag struck him while he was shoveling cinders into another bag, as was customary, and this bag was nearly filled. It is not credible that he would have been filling a bag under the hatch, unless there had been matter near by that was required to be shoveled into the bag at that place. On re-reading the depositions of the other workmen who were near him, I do not find it a reasonable construction of that evidence, that the libelant was notified to keep from under the hatch while a bag was ascending, or in respect to any such contingency as the breaking of the bag handles and the falling of an ascending bag. All the witnesses testify that they never had known any such previous breaking; there was no apprehension of it; and, as it seems to me, there is not the slightest probability that the several notices spoken of to stand from under, had any reference to the bags going up, but solely to the bag, rope and chain coming down, since the evidence shows that the persons above when about to throw them down were in the habit of giving notice to the persons below. It was quite natural, and in the ordinary course, that such calls should be repeated to the libelant by his fellow workmen while he was working under the hatch; and I have no doubt that it was such calls, and such only, that are referred to by the witnesses; and those notices had nothing to do with such an accident as this, and indicate no neglect by the libelant.

The ship is responsible for the supply of sound and safe bags for such a purpose. The A. Heaton, 43 Fed. Rep. 592; The Julia Fowler, 49 Fed. Rep. 277; The Persian Monarch, Id. 669; The Wm. Branfoot, 48 Fed. Rep. 914, affirmed, 52 Fed. Rep. 390.

The libelant was severely injured by the fall. The femur was fractured, and to some extent crushed. Shortening of the limb in consequence could not be avoided, notwithstanding the severe treatment applied in the endeavor to diminish the contraction, and the great suffering incident to this treatment. The result is a permanent injury and considerable crippling, disabling the libelant from following his former or any severe occupation, but not such as to interfere materially with many lighter kinds of employment. I award him $2,000, with costs.